IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SAMUEL R. CALLOWAY, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) For Violations of the Fair Labor |
| | ) Standards Act of 1938, As Amended |
| RITE WAY ANIMAL REMOVAL, | ) |
| LLC and OMAR HASSAN, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Samuel Calloway ("Plaintiff" or "Calloway"), by and through his undersigned counsel, files this Complaint against Defendants Rite Way Animal Removal, LLC and Omar Hassan pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the overtime provisions of the Act by Defendants which have deprived the named Plaintiff of his lawful wages.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff has been employed by Defendants, working as an animal removal specialist for Defendants in and around Byron, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate Plaintiff at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate him for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

5. Plaintiff also seeks reimbursement for the taxes he paid, out of an abundance of caution, due to Defendants' misclassification of Plaintiff.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia

and the jurisdiction of this Court and because Defendants conduct business within this District.

### III.  PARTIES

8. Plaintiff SAMUEL CALLOWAY resides in Perry, Georgia.  Calloway was employed by the Defendants as an animal removal specialist.  He worked for Defendants within this District.  Plaintiff worked solely within the State of Georgia.  Plaintiff's duties typically included removing animals from residential and commercial properties.

9. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendant RITE WAY ANIMAL REMOVAL, LLC is a corporation based in Gaston, South Carolina, which conducts business within this State and District and maintains its principal place of business 200 Wake Forest Drive, Warner Robins, GA  31093.  RITE WAY ANIMAL REMOVAL, LLC owns and operates a business specializing in providing animal removal to the general public.

11. RITE WAY ANIMAL REMOVAL, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, The Legacy Advisory Firm, LLC, located at 1250 Pimlico Lane, Bishop, GA  30621.

12. Defendant RITE WAY ANIMAL REMOVAL, LLC maintains actual and constructive control, oversight, and direction over the operation of its employees.

13. Defendant OMAR HASSAN is the owner and operator of RITE WAY ANIMAL REMOVAL, LLC, and has actual and constructive control, oversight, and direction over the day-to-day operations of RITE WAY ANIMAL REMOVAL, LLC, including, but not limited to, the compensation of RITE WAY ANIMAL REMOVAL, LLC employees and the hours those employees work.

14. At all times material to this action, Defendant RITE WAY ANIMAL REMOVAL, LLC was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA.  Defendant RITE WAY ANIMAL REMOVAL, LLC specializes in providing animal removal services in the States of Georgia and Tennessee. Defendant RITE WAY ANIMAL REMOVAL, LLC utilizes bank accounts with banking entities which transact business outside the State of Georgia.  Defendant RITE WAY ANIMAL

REMOVAL, LLC regularly utilizes materials manufactured outside the state of Georgia for the benefit of Defendant RITE WAY ANIMAL REMOVAL, LLC's clients. Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant RITE WAY ANIMAL REMOVAL, LLC's business. Upon information and belief, at all times material to this action, Defendant RITE WAY ANIMAL REMOVAL, LLC has had an annual gross volume of business which exceeded $500,000.00 at all times material to this action.

15. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

16. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

### IV.  VIOLATIONS OF THE FLSA

**COUNT 1- Violations of the minimum wage provisions of the FLSA**

17. Defendants employed Plaintiff as an animal removal specialist in and around Warner Robins, Georgia

18. Plaintiff was employed by Defendants from April of 2021 until February of 2022.

19. During most weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was only compensated for 40 hours of work per week. Plaintiff typically worked twelve (12) hours per day

(7:00 a.m. to 7:00 p.m.), Monday through Friday, working every other Saturday in June of 2021, and every Saturday beginning in July of 2022 until the end of his employment, after he became a full-time employee on or about June of 2021 until his separation from the company in February of 2022. Plaintiff sometimes stopped working for Defendants as early as 5:30 p.m., and would sometimes work as late as 11:00 p.m. For the majority of Plaintiff's employment with Defendants, Plaintiff worked approximately 72 hours per week.

20. At the end of Plaintiff's employment, Plaintiff was paid approximately one thousand two hundred and fifty dollars ($1,250.00) per week at the rate of thirty-one dollars and twenty-five cents ($31.25) per hour for forty (40) hours.

21. Plaintiff did not receive any compensation for hours worked in excess of forty during the following weeks applicable to this action: 7/5/21, 7/12/21, 7/19/21, 7/26/21, 8/2/21, 8/9/21, 8/16/21, 8/23/21, 8/30/21, 8/6/21, 8/13/21, 8/20/21, 8/27/21, 8/4/21, 8/11/21, 8/18/21, 8/25/21, 11/1/21, 11/8/21, 11/15/21, 11/22/21, 11/29/21, 12/6/21, 12/13/21, 12/13/21, 12/21/21, 1/3/22, 1/10/22, 1/17/22, 1/24/22, 1/31/22, 1/7/22, and 2/14/22.

22. Plaintiff seeks unpaid overtime compensation for at 32 hours per week at his normal hourly rate of thirty-one dollars and twenty-five cents ($31.25) per hour. Specifically, Plaintiff seeks no less than forty-seven thousand eight

hundred twelve dollars and fifty cents ($47,812.50)[1] in unpaid overtime compensation. Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of one hundred five thousand dollars ($95,625.00), plus attorney's fees and costs.

## COUNT II – Unjust Enrichment

23. In February of 2022, Defendants informed Plaintiff that he had allegedly been misclassified as a 1099 employee by Defendants and was responsible for approximately $8,000 in 2021 federal and state taxes as a result of Defendants' misclassification.

24. Out of an abundance of caution, Plaintiff paid taxes on his compensation from Defendants as if he had been a W-2 employee, even though Plaintiff had been paid as a 1099 employee through 2021, and Defendants failed to withhold any federal or state taxes, or other deductions, from Plaintiff's paychecks. Plaintiff seeks reimbursement of this amount from Defendants.

25. As a result of Defendants' actions, Plaintiff has been injured in the amount of back-taxes he paid on behalf of Defendants as a result of Defendants' misclassification, which Defendants used as business capital.

---

[1] $46,500.00 (32 [overtime hours] X $31.25 [per hour] X 1.5 [overtime rate] X 31 [weeks]) plus $937.50 for the week of 11/22/21 (8 [overtime hours] X $31.25 [per hour] X 1.5 [overtime rate]) and $375.00 for the week of 12/21/21 (20 [overtime hours] X $31.25 [per hour] X 1.5 [overtime rate])

## V.  PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.  That Plaintiff be awarded damages in the amount of his unpaid overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of overtime compensation due which the Defendants unlawfully used instead as working capital of the business.

B.  Plaintiff be reimbursed for all amounts he overpaid in taxes for 2021 as a result of being misclassified as a 1099 employee;

B.  That Plaintiff be awarded prejudgment interest;

C.  That Plaintiff be awarded reasonable attorneys' fees;

D.  That Plaintiff be awarded the costs and expenses of this action; and

E.  That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 27th day of April, 2022.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC

152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff