IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SAMUEL CALLOWAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:22-CV-162 (CAR) |
| v. | : | |
| | : | |
| RITE WAY ANIMAL REMOVAL, | : | |
| LLC, and OMAR HASSAN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Currently before the Court is the parties' Joint Motion to Approve Settlement Agreement in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, case. Plaintiff Samuel Calloway filed suit against Defendants seeking to recover unpaid wages and overtime compensation Defendant allegedly withheld from her in violation of the FLSA. The parties have now agreed to settle the claims and seek judicial approval of the settlement agreement. For the following reasons, the Court **GRANTS** the parties' Motion [Doc. 55].

As the parties recognize, there cannot be a private settlement of claims under the FLSA.[1] The FLSA was enacted to protect employees from substandard wages and

---

[1] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

1

excessive working hours; its provisions are mandatory and not subject to bargaining between employers and their employees.[2] Thus, settlements must either be approved by the Department of Labor or the district court through stipulation.[3]  In this case, because Plaintiff brought a private action against Defendant, the Court must approve the settlement but only after "scrutinizing the settlement for fairness."[4]

The Court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions.[5] When evaluating whether a compromise is fair and reasonable, the court must make "an adequate and careful analysis of 'the facts of the case in relation to the relevant principles of applicable law'"[6] and may consider such factors as (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorney's fees were agreed upon separately and without regard to the amount paid to plaintiff.[7] "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation

---

[2] *Id.*

[3] *Id.*; *see also Lee v. Flightsafety Serv. Corp.*, 20 F.3d 428 (11th Cir. 1994).

[4] *Lynn's Food Stores*, 679 F.2d at 1353.

[5] *Id.* at 1353, 1355.

[6] *Leverso v. SouthTrust Bank of Al., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994).

[7] *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

of back wages, that are actually in dispute[,] . . . the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation."[8]

The Court must also consider the reasonableness of attorney fees to be paid pursuant to the settlement agreements "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."[9] The parties may demonstrate the reasonableness of attorney fees by either (1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or (2) representing that the parties agreed to the plaintiff's attorney fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim.[10]

The Court finds there are bona fide disputes over FLSA provisions, and the settlement terms in the agreement are a fair and reasonable resolution of the bona fide disputes in this action. Moreover, the parties attest that the attorney's fees were negotiated separately and without regard to Plaintiffs' FLSA claims. The parties agreed to the terms of the settlement after they were counseled by their respective attorneys who represented them throughout this action.

---

[8] *Id.* at 1354.
[9] *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).
[10] *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## CONCLUSION

Having duly considered the matter, the Court hereby **GRANTS** the parties' Joint Motion to Approve Settlement Agreement [Doc. 55]. This action is hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED** this 1st day of October, 2024.

                                                s/ C. Ashley Royal_____
                                                C. ASHLEY ROYAL, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT